UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY JOHNSON, | : |
| Plaintiff, | : Civ. No. 15-6689 (KM) (JBC) |
| v. | : |
| | : OPINION |
| ADMINISTRATOR CHETIRKIN, et al., | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The plaintiff, Jeffrey Johnson, is currently incarcerated at the Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint under 42 U.S.C. § 1983.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with prejudice as to one defendant and the remainder of the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.    BACKGROUND

The allegations of the complaint are construed as true for purposes of this Opinion. Mr. Johnson names three defendants in his complaint: (1) Administrator Chetirkin; (2) Commissioner Gary M. Lanigan; and (3) the New Jersey Department of Corrections.

Mr. Johnson states that on January 9, 2015, he got sick from eating chicken at the Northern State Prison. He vomited twice and was not able to hold down food. On January 31 2015, he was diagnosed with H-Pylori bacteria in his blood that purportedly came from the preparation of the food he ate. Mr. Johnson alleges that Chetirkin is the Administrator of the Northern State Prison and is responsible for its management. Lanigan is the Commissioner of the New Jersey Department of Corrections.

Plaintiff requests monetary relief.

### III. LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't,* 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins,* 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana,* 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard,* 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States,* 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir.2014) (quoting *Iqbal,* 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir.2013) (citation omitted) (emphasis added).

## IV. DISCUSSION

### A. New Jersey Department of Corrections

Mr. Johnson fails to state a claim against the New Jersey Department of Corrections. First, the New Jersey Department of Corrections is not a "person" subject to liability under Section 1983. *See Tulli–Makowski v. Community Educ. Ctrs., Inc.,* No. 12–6091, 2013 WL 1987219, at *3 n.2 (D.N.J. May 13, 2013) (citing *Grabow v. Southern State Corr. Facility,* 726 F.Supp. 537, 538-39 (D.N.J.1989)); *see also Nadal v. Christie,* NO. 13-5447, 2014 WL 2812164, at *4 (D.N.J. June 23, 2014).

Furthermore, the Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Accordingly, "[t]he rule has evolved that a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *See Shahin v. Delaware,* 345 F. App'x 815, 817 (3d Cir. 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984)). Section 1983 does not override a state's Eleventh Amendment immunity. *See Gromek v. Maenza,* 614 F. App'x 42, 44 (3d Cir. 2015) (citing

*Quern v. Jordan,* 440 U.S. 332, 345 (1979)). As a result, the New Jersey Department of Corrections is immune from suit for money damages in federal court pursuant to the Eleventh Amendment. *See Durham v. Dep't of Corr.*, 173 F. App'x 154, 156 (3d Cir. 20060 (state department of corrections is immune from suit pursuant to the Eleventh Amendment) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977)); *see also Valle v. Bayside State Prison*, No. 10-0614, 2010 WL 5141731, at *2 n.2 (D.N.J. Dec. 9, 2010) (New Jersey Department of Corrections immune from suit for money damages in federal court pursuant to the Eleventh Amendment). Accordingly, Mr. Johnson's claims against the New Jersey Department of Corrections will be dismissed with prejudice, as any potential amendment would be futile.

B. Lanigan and Chetirkin

Mr. Johnson's claims against defendants Lanigan and Chetirkin will also be dismissed, although without prejudice. Section 1983 does not support a claim based on *respondeat superior*. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a plaintiff must allege that a supervisor had personal involvement in the alleged wrongs. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, No. 97–5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. *See Rode,* 845 F.2d at 1207; *see also Baker v. Monroe Tp.,* 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Jackson v. Camden Cnty. Corr. Facility*, No. 12–7538, 2013 WL 1844636, at *3 n.1 (D.N.J. Apr. 29, 2013).

Mr. Johnson's complaint does not allege that these two defendants were personally involved in his illness and/or bacterial infection. Nor does it state any facts from which such involvement could plausibly be inferred. As to these defendants, then, the complaint does not

meet the pleading standards of *Twombly* and *Iqbal*. Therefore, his claims against these two defendants will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. Request for Appointment of Counsel

Mr. Johnson's requests the appointment of counsel in his complaint. Indigent persons raising civil rights claims have no absolute right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). At a minimum, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). Once that threshold of merit is crossed, a court determining whether to appoint counsel will considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See id.* at 155-56, 157 n.5; *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the *Tabron* factors). Appointment of counsel is discretionary, and may be done at any point during the litigation, either *sua sponte* or upon motion. *See id.* at 156.

In this case, the Court will deny the request for the appointment of counsel without prejudice. As described above, the complaint has been screened and is being dismissed for failing to state a claim upon which relief may be granted. Thus, Mr. Johnson has failed to make a showing that there is some merit in fact or in law to the claims he is attempting to assert.

## V. CONCLUSION

For the foregoing reasons, Mr. Johnson's claims against the New Jersey Department of Corrections will be dismissed with prejudice. His claims against defendants Chetirkin and Lanigan will be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate Order will be entered.

Dated: October 26, 2015

*/s/ Kevin McNulty*

———————————————
KEVIN MCNULTY
United States District Judge